UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON SANDBORN ACKERSON,

     Plaintiff,

v().                                         Case No. 1:07-cv-1190
                                         Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

                                 /

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB).

Plaintiff was born on August 6, 1947 and completed the 12th grade (AR 53, 76).[1] She alleges a disability onset date of April 1, 2003 (AR 53). Plaintiff had previous employment as a department store sales associate (retail sales clerk), stock clerk and medical receptionist (AR 71, 374-78, 390). Plaintiff identified her disabling condition as back problems: "lower back L3, L4, L5, herniated;" surgeries in September and October 2003; spondylolisthesis of the spine; and, arthritis and pinched nerves in the area of surgery (AR 70). Plaintiff stated that because of these conditions: she has severe pain; cannot lift, twist or bend; cannot stand up straight; has pain down the back of both legs; cannot stand or sit for long; and is depressed (AR 70). After administrative denial of

---

[1] Citations to the administrative record will be referenced as (AR "page #").

plaintiff's claim, an Administrative Law Judge (ALJ) reviewed the claim *de novo* and entered a decision denying the claim on March 26, 2007 (AR 14-23). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not

disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. The ALJ initially found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of April 1, 2003 and met the insured status requirements of the Social Security Act through December 31, 2007 (AR 16). Second, the ALJ found that she suffered from severe impairments of: "degenerative disc disease with herniated disc, post microdiskectomy and fibromyalgia" (AR 16). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 19).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC):

> to perform light work with a sit/stand option of 5-10 minutes on an hourly basis; no lifting over 15 pounds; no climbing of ladders; no bending or twisting; no work around dangerous unprotected machinery or work at unprotected heights; and no work requiring the use of vibrating tools.

(AR 19). Based on these limitations, the ALJ found that plaintiff could perform her past relevant work as a receptionist (AR 22). Rather than ending the evaluation at this point, the ALJ proceeded to the fifth step of the sequential analysis, where he concluded that plaintiff could also perform the following jobs in the Lower Peninsula of Michigan: cashier (17,000 positions); sorter/packager (6,400 positions); and general office clerk (1,800 positions) (AR 22). Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 23).

**III. ANALYSIS**

Contrary to the court's order directing filing of briefs, plaintiff's initial brief did not include "a Statement of Errors, setting forth the specific errors of fact or law upon which plaintiff seeks reversal or remand." *See* docket no. 5. Plaintiff has expended little effort to develop appealable issues in this case. Nevertheless, it appears that plaintiff disputes the ALJ's credibility determination and application of the medical-vocational guidelines.

    **A.**    **Plaintiff's credibility**

An ALJ's credibility determinations are accorded deference and not lightly discarded. *See Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993); *Hardaway v. Secretary of Health and Human Servs.*, 823 F.2d 922, 928 (6th Cir. 1987). An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997). *See also Tyra v. Secretary of Health and Human Servs.*, 896 F.2d 1024, 1030 (6th Cir. 1990) (ALJ may dismiss claimant's allegations of disabling symptomatology as implausible if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict). In short, the court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

Plaintiff contends that the ALJ improperly disregarded "substantial evidence of an objective nature" that demonstrated a "severe orthopedic impairment in Plaintiff's spine." Plaintiff's Brief at 4. Plaintiff states that "[v]irtually all of the evidence with the exception of a reference to Plaintiff taking a vacation supported her contention of discomfort, pain and limitation." *Id.* Plaintiff then states that

5

> The ALJ was precluded from disregarding these allegations by simply stating they were not credible due to antecdotal [sic] references to limited activity. <u>Cowen v. Secretary of Health & Human Services</u>, 964F.2d F24, F28-29 [sic] (Sixth Circuit 1992).[2]

*Id.*

In *Cohen*, the Sixth Circuit observed that the plaintiff's successful attendance law school on a part-time basis was probative of whether she was capable of engaging in substantial gainful activity. *Cohen*, 964 F.2d at 531. However, given the nature of the plaintiff's illness, the court determined that her attendance at law school did not provide substantial basis for the ALJ's conclusion that the plaintiff had the residual capacity to engage in substantial gainful employment. *Id.*

Here, plaintiff has neither addressed the ALJ's credibility findings in any detail nor explained why those findings are not supported by substantial evidence. She does not explain either how her restrictions are analogous to the plaintiff in *Cohen* (i.e., chronic fatigue syndrome) or why the court should consider *Cohen* as controlling authority. Plaintiff's administrative record consists of 394 pages and contains over 100 pages of medical records. There is a sufficient record from which plaintiff could have developed some factual support for her credibility argument. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). A court need not make the lawyer's case by scouring the party's various submissions to piece

---

[2]It appears that plaintiff intended to cite the opinion of *Cohen v. Secretary of Health and Human Services*, 964 F.2d 524 (6th Cir. 1992).

together appropriate arguments.  *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995). Accordingly, the court deems this argument waived.

### B. ALJ applied the wrong vocational guideline

Next, plaintiff states that she was 58 years old at the time of the hearing.  Plaintiff's Brief at 4-5.  Plaintiff contends that the ALJ incorrectly used Rule 202.14, rather than the appropriate Rule, 202.04.  *Id.*  Then, plaintiff concludes that the ALJ should have applied Rule 202.06.  *Id.* at 5.  Plaintiff does not support this confusing and conclusory statement of error with any legal argument.  This court need not make the lawyer's case by scouring the record to piece together appropriate arguments.  *McPherson*, 125 F.3d at 995-96; *Little*, 71 F.3d at 641.  However, the court is compelled to address this claim, because it appears that the ALJ committed an error in applying the medical-vocational guidelines

The medical-vocational guidelines or grids "take account only of a claimant's 'exertional' impairment, that is 'an impairment which manifests itself by limitations in meeting the strength requirements of jobs[.]'  20 C.F.R., Part 404, Subpt. P, App. 2 § 200.00(e)."  *Abbott v. Sullivan*, 905 F.2d 918, 926 (6th Cir. 1990).  An ALJ may use the grids, rather than expert testimony, to show that a significant number of jobs exist in the economy when the claimant's characteristics fit the criteria of the guidelines.  *Siterlet v. Secretary of Health and Human Servs.*, 823 F.2d 918, 922 (6th Cir. 1987).  *See Bohr v. Bowen*, 849 F.2d 219, 221 (6th Cir. 1988) ("the grids are a shortcut that eliminate the need for calling in vocational experts").

The grids only apply to a claimant when all factors (i.e., age, work experience, physical ability and education) meet the requirements as set forth in the grids.  "In general, where the characteristics of the claimant exactly match the characteristics in one of the rules, the grid

determines whether significant numbers of other jobs exist for the person or whether that person is disabled." *Wright v. Massanari*, 321 F.3d 611, 615 (6th Cir. 2003). As the Sixth Circuit explained:

> The grid comes into play only when the claimant's characteristics precisely coincide with the grid. In any other situation the grid is used at most for guidance in the disability determination. When the claimant does indeed match one of the grid's patterns, then all the grid does is announce that substantial gainful work in the national economy is available for that particular individual; in other words, once a finding is made that the individual can do light work, for example, the grid operates to declare that light work is available.

*Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981).

Plaintiff contends that the ALJ used the wrong age in applying the grids. "For purposes of determining age under the grids, 'the claimant's age as of the time of the decision governs.'" *Russell v. Commissioner of Social Security*, 20 F. Supp. 2d 1133, 1134 (W.D. Mich. 1998), quoting *Varley v. Secretary of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987). Plaintiff was 59 years old when the ALJ issued the decision on March 26, 2007. At that time, plaintiff was of "advanced age," i.e., 55 years old and over. 20 C.F.R., Part 404, Subpt. P, App. 2 § 201.00(f). The ALJ applied Rule 202.14, the rule applicable to a person who can perform light exertional work, is a high school graduate, has previous work experience that is skilled or semiskilled (with skills not transferable) and who is "closely approaching advanced age" (i.e., age 50-54), to conclude that plaintiff was "not disabled" at step five of the sequential evaluation (AR 22). *See* 20 C.F.R., Part 404, Subpt. P, App. 2 § 201.00(g); 20 C.F.R., Part 404, Subpt. P, App. 2, Table 2. Plaintiff correctly points out that the ALJ should have applied Rule 202.6, the rule applicable to a person possessing the same characteristics who is of advanced age. *See* 20 C.F.R., Part 404, Subpt. P, App. 2 § 201.00(f); 20 C.F.R., Part 404, Subpt. P, App. 2, Table 2. Under Rule 202.6, such a person would be deemed disabled.

However, the ALJ's error in applying the grids is harmless. The ALJ uses the grids to assist in determining whether a claimant can perform other work at step five of the sequential evaluation. *See Wright*, 321 F.3d at 615; *Bohr*, 849 F.2d at 221; *Siterlet*, 823 F.2d at 922. Here, the ALJ resolved the disability claim at step four, when he found that plaintiff could perform her past relevant work. The ALJ's alternative resolution at step five was surplusage or dicta. "Use of the Grids is not required at step four of the five-step sequential process prescribed by 20 C.F.R. § 404.1520 for evaluating disabilities." *Fetters v. Commissioner of Social Security*, 160 Fed. Appx. 462, 463 (6th Cir. 2005). *See Smith v. Secretary of Health and Human Services*, 893 F.2d 106, 110 (6th Cir. 1989) (the grids are inapplicable when the ALJ had substantial evidence to conclude that the claimant could perform her past relevant work).

The ALJ's error in applying the grids is not a sufficient basis to reverse and remand this matter. Because plaintiff was found not disabled at step four, a remand would serve no purpose. "No principle of administrative law or common sense requires [a reviewing court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989). Accordingly, plaintiff's claim should be denied.

### C.    The ALJ's decision is supported by substantial evidence

In this case, the ALJ performed an extensive review of plaintiff's medical history and evaluated her credibility (AR 16-21). Based on this review, the ALJ concluded that plaintiff had a number of restrictions that affected her ability to perform work related activities, such as the need to have a sit/stand option and lifting no more than 15 pounds (AR 19). These restrictions are supported by substantial evidence as found in the records of plaintiff's treating physicians and the

DDS physician (AR 180-84, 220-25, 348-50). The ALJ noted that the restrictions indicated by plaintiff's treating physician, Dr. Beals, were consistent with the RFC determination (AR 21, 348-50). Plaintiff has not demonstrated that the ALJ's decision that plaintiff could perform her past relevant work (the step four determination) was defective in any manner. Accordingly, the Commissioner's decision denying benefits should be affirmed.

**IV.     Recommendation**

I  respectfully recommend that the Commissioner's decision be affirmed.


Dated:  December 22, 2008                             /s/ Hugh W. Brenneman, Jr.
                                                      HUGH W. BRENNEMAN, JR.
                                                      United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).